UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **RUSSELL BOYD POWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 3:20-cv-00325-JD-SLC |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** *sued as Andrew M. Saul,* | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Russell Boyd Powell appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB"). (ECF 1). The appeal was referred to the undersigned Magistrate Judge on July 8, 2020, by District Judge Jon E. DeGuilio pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(b), Local Rule 72-1(b), and this Court's General Order 2020-16 for the issuance of a Report and Recommendation. (ECF 13).

Having reviewed the record and the parties' arguments, I FIND that Powell's arguments in support of a remand are persuasive, and accordingly, RECOMMEND that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. This Report and Recommendation is based on the following facts and principles of law.

### I. FACTUAL AND PROCEDURAL HISTORY

Powell applied for benefits in September 2016, alleging disability as of August 19, 2016. (ECF 16 Administrative Record ("AR") 15, 144-45). Powell's claim was denied initially and upon reconsideration. (AR 57-78). After a timely request (AR 90-91), a hearing was held on December 11, 2018, before administrative law judge ("ALJ") Jody Odell, at which Powell, represented by counsel, and

a vocational expert testified (AR 32-56). On March 18, 2019, the ALJ rendered an unfavorable decision to Powell, concluding that he was not disabled because he could perform a significant number of jobs in the economy despite the limitations caused by his impairments. (AR 12-25). Powell's request for review was denied by the Appeals Council (AR 1-6), at which point the ALJ's decision became the final decision of the Commissioner, *see* 20 C.F.R. § 404.981.

Powell filed a complaint with this Court in April 2020, seeking relief from the Commissioner's decision. (ECF 1). In his appeal, Powell alleges that the ALJ erred in evaluating the opinion of Dr. Stephen Kennedy, an examining physician, regarding his ability to stand and walk for extended periods and his diminished ability to concentrate. (ECF 18 at 6-14).

At the time of the ALJ's decision, Powell was fifty-two years old; had a tenth grade education; and his past work included a shipping/receiving clerk, front end loader operator, and van driver. (AR 23). In his DIB application, Powell alleged disability due to seminoma and moderate degenerative disc disease. (AR 157).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the [ALJ] applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Id.* (citations omitted). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347

F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant is entitled to DIB if he establishes an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) whether the claimant is incapable of performing his past relevant work, and (5) whether the claimant is incapable of performing any work in the national economy.[1] *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted); *see also* 20 C.F.R. § 404.1520. An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford*, 227 F.3d at 868.

---

[1] Before performing steps four and five, the ALJ must determine the claimant's residual functional capacity (" RFC") or what tasks the claimant can do despite his limitations. 20 C.F.R. §§ 404.1520(e), 404.1545(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. § 404.1520(e).

### B. The Commissioner's Final Decision

On March 18, 2019, the ALJ issued a decision that ultimately became the Commissioner's final decision. (AR 15-25). First, the ALJ found that Powell meets the insured status requirements of the Social Security Act through December 31, 2019. (AR 17). At step one, the ALJ concluded that Powell has not engaged in substantial gainful activity since August 19, 2016, his alleged onset date. (*Id.*). At step two, the ALJ found that Powell has the following severe impairments: degenerative disc disease, chronic obstructive pulmonary disease, emphysema, obstructive sleep apnea, and obesity. (*Id.*).

At step three, the ALJ concluded that Powell did not have an impairment or combination of impairments severe enough to meet or equal a listing. (AR 18). Before proceeding to step four, the ALJ determined that Powell's symptom testimony was not entirely consistent with the medical evidence and other evidence of record with respect to his limitations. (AR 20). The ALJ assigned Powell the following RFC:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except: The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, or crawl. He can never be exposed to extreme cold, extreme heat, or pulmonary irritants such as concentrated fumes, odors, dusts, gases.

(AR 19). Based on the assigned RFC and the vocational expert's testimony, the ALJ found at step four that Powell is unable to perform his past relevant work as a shipping/receiving clerk, front end loader operator, or van driver. (AR 23). However, the ALJ found that jobs exist in significant numbers in the national economy that Powell can perform. (AR 24). Therefore, Powell's application for DIB was denied. (AR 25).

### C. Analysis

Powell asserts that the ALJ erred by failing to consider or analyze all of Dr. Kennedy's opinion despite giving it great weight.

Social Security regulations provide that an ALJ will "evaluate every medical opinion" that the Social Security Administration receives. 20 C.F.R. § 404.1527(c).[2] An ALJ must address a checklist of factors, including "the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010). Moreover, "[a]n ALJ may not selectively consider medical reports." *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). If the ALJ fails to properly weigh medical opinion evidence, substantial evidence does not support the decision, and the case must be remanded for consideration of the medical opinions.

The ALJ provided great weight to the opinion of consultative examiner Dr. Kennedy. The ALJ relied on Dr. Kennedy's findings of "no midline tenderness of spinous processes or vertebral bodies, although there was lumbar spasm, bilaterally." (AR 23 (citing AR 323)). The ALJ also relied on Dr. Kennedy's finding of antalgic gait favoring his left foot as well as Powell's inability to perform heel or toe walk due to pain. (*Id.* (citing AR 322-23)). Finally, the ALJ noted that Dr. Kennedy found "no signs of dyspnea or fatigue and no muscular atrophy or swelling." (*Id.*).

In the medical source statement portion of the opinion, Dr. Kennedy found that Powell "would have difficulty and impossibility of climbing stairs, lifting, carrying, walking or standing for an extended period of time." (AR 323). Powell asserts that the ALJ erred by failing to acknowledge or discuss Dr. Kennedy's opinion that he would have difficulty and impossibility in walking or standing for an extended period of time. The ALJ did not provide any discussion of the medical source statement portion of Dr. Kennedy's examination. The ALJ instead relied on the objective findings in the physical examinations. She failed to discuss the actual opinions in the medical source statement. The ALJ did not provide any discussion regarding Dr. Kennedy's opinion that Powell would have difficulty with walking or standing for an extended period of time, nor did she provide for any such limitations in the RFC. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion

---

[2] Because this claim was filed prior to March 27, 2017, 20 C.F.R. § 404.1527 applies rather than 20 C.F.R. § 404.1520c.

was not adopted." SSR 96-8p, 1996 WL 374814, at *7 (July 2, 1996). The ALJ provided no other analysis in the RFC discussion regarding Powell's ability to walk or stand for extended periods of time. The ALJ failed to properly explain why Dr. Kennedy's opinion was not adopted despite being given great weight.

In response, the Commissioner offers improper *post hoc* rationalization for why the ALJ failed to include limitations regarding Powell's difficulties with standing and walking. The Commissioner impermissibly asserts that Dr. Kennedy's objective findings fail to support his opinions in the medical source statement. However, the ALJ failed to provide any such analysis of Dr. Kennedy's opinions in comparison or contrast to the objective findings in the consultative report. The Commissioner asserts that the ALJ properly considered the record as a whole and articulated the evidence considered in weighing Dr. Kennedy's medical opinion. However, the ALJ did not articulate why the RFC conflicts with Dr. Kennedy's opinion. Further compounding the issue, Dr. Kennedy's opinion is the only examining opinion in the record to which the ALJ gave great weight. The ALJ did not properly explain why she rejected the opinion portion of Dr. Kennedy's consultative examination report, despite providing the opinion great weight.

The Commissioner offers further improper *post hoc* rationalization by stating that Dr. Kennedy's opinion regarding Powell's difficulties with walking or standing did not properly explain what "an extended period of time" meant. However, once again, the ALJ fails discuss this anywhere in her decision. There is no analysis of Dr. Kennedy's use of the phrase "an extended period of time." The ALJ never mentions Powell's struggles with walking or standing for extended periods, either as part of his subjective symptom testimony or as part of Dr. Kennedy's opinion. Powell testified that he struggled with walking, including stating that he could only walk for two to three blocks. (AR 44, 48). Powell also presented at the hearing using a cane, and he testified that he uses his cane when he does not know if there will be opportunities for him to sit. (AR 48). Powell's testimony is supported by the consultative examiner's opinion, yet the ALJ failed to discuss those portions of the opinion. Rather, the

Commissioner tries to impermissibly defend the ALJ's decision with statements and analysis the ALJ never provided in the decision.

There is no discussion of Powell's ability or inability to walk or stand for long periods of time in the ALJ's decision outside of Dr. Kennedy's opinion. Instead, there is simply one sentence stating that although Powell testified that standing and walking too long "aggravates his symptoms," light exertional work properly accounted for those limitations. However, there is no analysis of the medical evidence or Powell's testimony in determining that Powell is capable of doing work that might require "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). The Commissioner's assertion that the ALJ carefully analyzed both Dr. Kennedy's opinion and the objective medical evidence to determine that the medical evidence showed no issues with walking or standing is not evident in the decision. This is improper *post hoc* rationalization, and the Court cannot be certain that the ALJ properly considered all of the evidence in making her determination.

The Commissioner also properly states that the ALJ is "not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians" in making her RFC determination." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995). However, the ALJ is required to articulate and discuss the opinion fully, which the ALJ failed to do here. Instead, the ALJ relied on a few statements which supported her RFC determination and ignored the rest of the opinion. The ALJ should not have "identified pieces of evidence in the record that supported her conclusion" yet "ignored related evidence that undermined her conclusion." *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014).

Finally, Powell asserts that the ALJ erred in failing to discuss Dr. Kennedy's opinion regarding his cancer diagnosis interfering with his ability to concentrate. The Commissioner once again provides improper *post hoc* rationalization in dismissing Dr. Kennedy's opinion. The Commissioner states that Powell's cancer surgery occurred less than two months prior to Dr. Kennedy's examination, and that therefore the opinion regarding his cancer surgery was likely due to the recency of the surgery. However, as discussed above, the ALJ makes no mention of this analysis anywhere in the decision. The

7

Commissioner asserts that there is no evidence that Powell has any limitations in concentration, with no history of mental health treatment or medication. While this is true, the ALJ has given no discussion of these findings anywhere in her decision.

Regardless of the Commissioner's improper *post hoc* rationalizations, the Court recognizes that the burden of proof lies with Powell in proving he has limitations in his ability to concentrate. *Clifford*, 227 F.3d at 868. Powell has provided no such evidence that he is limited in his ability to concentrate. Further, there is no evidence in the record indicating he continues to struggle with concentration. As such, any error made by the ALJ in failing to discuss this portion of Dr. Kennedy's opinion is harmless. *See Schomas v. Colvin,* 732 F.3d 702, 707-08 (7th Cir. 2013) ("But this kind of error is subject to harmless-error review, and we will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same." (citations omitted)). Regardless, the ALJ did err in failing to analyze or discuss Dr. Kennedy's opinion regarding Powell's limitations in standing or walking, and this requires a remand of the case.

## IV. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Commissioner's final decision be REVERSED, and the case REMANDED to the Commissioner for further proceedings in accordance with this Report and Recommendation. The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See generally Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996).

Entered this 7th day of April 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge